UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINH CONG DO,

    Plaintiff,

v.

CA CORRECTIONS HEALTH CARE SERVICES, et al.,

    Defendants.

Case No. 23-cv-05906 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical staff at Pelican Bay State Prison ("PBSP") where he was formerly housed. Dkt. No. 8 at 1.[1] Plaintiff has filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order. Dkt. No. 9.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] The Court granted Plaintiff relief from PBSP's email filing procedures after his transfer to another institution. Dkt. No. 7. Accordingly, the complaint filed under Docket No. 8 is the operative complaint in this matter.

1  prisoner seeks redress from a governmental entity or officer or employee of a
2  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any
3  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
4  upon which relief may be granted or seek monetary relief from a defendant who is immune
5  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally
6  construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff alleges "medical malpractice, medical negligence, and [i]nadequate medical care" by PBSP and contracted employees with the California Corrections Health Care Services ("CCHCS").  Dkt. No. 8 at 2.  He names various medical staff of PBSP and CCHCS.  *Id.* at 2-4.  Specifically, Plaintiff alleges the "careless" administration of a shingles vaccine on March 29, 2023, by Nurse Hakaki which caused nerve damage in his left arm resulting in the loss of partial mobility, according to staff at Curry Medical Center ("CMC").  *Id.* at 5.  He was referred for further care to CMC on June 26, 2023, where an examination noted weakness, loss of sensation, and pain in Plaintiff's left arm.  *Id.* at 5-7.  Plaintiff alleges that PBSP later made its own evaluation of his test results and concluded that they were "within normal limits" and that no follow-up was required.  *Id.* at 8.  Plaintiff assert that he has an ongoing medical issue with his left arm and that PBSP's conclusion "completely contradicts every note, statement and admission" of all relevant parties.  *Id.*  He asserts that Defendants acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights.  *Id.* at 9.  He seeks declaratory and injunctive relief, as well as damages.  *Id.* at 10.

Deliberate indifference to serious medical needs violates the Eighth Amendment's

2

proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

Regarding the first element, a serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60. With regard to the second element, a prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim. His allegations essentially indicate nothing more than a difference of opinion regarding the course of treatment. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference.

3

*Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "But this is true only if both dueling medical opinions are medically acceptable under the circumstances." *Porretti v. Dzurenda*, 11 F.4th 1037, 1048 (9th Cir. 2021) (internal quotation marks and citation omitted) (finding that "[w]ith only one credible and medically acceptable recommendation, [plaintiff's] case did not involve a mere disagreement of medical opinion between experts over different acceptable treatments"). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. *Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff's allegations are insufficient to indicate that PBSP and CCHCS medical staff acted with deliberate indifference in their alternative course of treatment to satisfy the subjective element for an Eighth Amendment claim. Specifically, there is no allegation that PBSP/CCHCS's conclusion was medically acceptable under the circumstances and that their chosen course was in conscious disregard of an excessive risk to Plaintiff's health. *Id.* Plaintiff shall be granted leave to amend, to attempt to state sufficient facts to indicate that each named Defendant knew that Plaintiff faced a substantial risk of serious harm with regard to the condition of his left arm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer* at 837.

Furthermore, Plaintiff's claims for malpractice and negligence are not cognizable under § 1983, for such claims are insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin*, 662 F.2d at 1344. Accordingly, these state law claims must be dismissed for failure to state a claim unless there is a basis to assert supplemental jurisdiction under 28 U.S.C. § 1367 (1993).

In preparing an amended complaint, Plaintiff should keep the following in mind.

4

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-05906 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

///

**IT IS SO ORDERED.**

Dated: __April 2, 2024_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.23\05906Do_dwlta

6