UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINH CONG DO,<br><br>   Plaintiff,<br><br>   v.<br><br>CA CORRECTIONS HEALTH CARE SERVICES, et al.,<br><br>   Defendants. | Case No. 23-cv-05906 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state inmate at Calipatria State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical staff at Pelican Bay State Prison ("PBSP") where he was formerly housed.  Dkt. No. 8.  The Court dismissed the complaint with leave to amend to correct various deficiencies.  Dkt. No. 12.  Plaintiff filed an amended complaint.  Dkt. No. 19.

## DISCUSSION

**A.**   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.      **Plaintiff's Claims**

In the original complaint, Plaintiff alleged "medical malpractice, medical negligence, and [i]nadequate medical care" by PBSP and contracted employees with the California Corrections Health Care Services ("CCHCS"). Dkt. No. 8 at 2. The underlying incident was a vaccine shot administered by Nurse Hakaki on March 29, 2023, which allegedly caused nerve damage in his left arm leading to loss of partial mobility. *Id.* at 5. The Court found the allegations were insufficient to state a deliberate indifference claim under the Eighth Amendment and granted leave to amend to attempt to correct this deficiency. Dkt. No. 12.

Plaintiff's amended complaint names only Nurse Hakaki and Dr. Thomas Bzoskie as defendants and claims they acted with deliberate indifference to serious medical needs. Dkt. No. 19. Plaintiff alleges that when Nurse Hakaki administered the shot, she "thrust the needle in Plaintiff's left arm with unnecessary force causing a[n] unnecessary[] and wanton[] infliction of pain." *Id.* at 3. When Plaintiff later complained of pain, numbness, and loss of mobility in the injection sight over a video appointment, Dr. Bzoskie told him, "You'll be fine. It's a result of the needle." *Id.* at 4. Plaintiff alleges that Dr. Bzoskie did not ask any questions relevant to his medical issue or performed any tests. *Id.*

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104

2

(1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059. Regarding the first element, a serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* With regard to the second element, a prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer* at 837.

Liberally construed, Plaintiff's allegations are sufficient to state a cognizable Eighth Amendment claim against Defendant Dr. Bzoskie for deliberate indifference to serious medical needs.

However, Plaintiff's allegations against Nurse Hakaki fail to establish that she acted with deliberate indifference to serious medical needs. Rather, his allegations that she administered the shot with "unnecessary force" that caused "unnecessary and wanton infliction of pain" raise an excessive force claim rather than one involving inadequate medical treatment. The core judicial inquiry for an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm rather than with deliberate indifference. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Plaintiff's allegations, liberally construed, are sufficient to state an excessive force claim against Nurse Hakaki for administering the vaccine shot maliciously and sadistically to cause harm. Liberally construed, Plaintiff's allegations are sufficient to state an excessive force claim against Nurse Hakaki under the Eighth Amendment.

///

///

3

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the excessive force claim against Defendant Nurse Hakaki and deliberate indifference to serious medical needs against Defendant Dr. Bzoskie. The deliberate indifference claim against Nurse Hakaki is DISMISSED for failure to state a claim.

2. **Defendants Dr. Thomas Bzoskie and Nurse Hakaki** shall be served at Pelican Bay State Prison.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 19, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a

4

copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 47 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __October 3, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.23\05906Do_svc